**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNY L. FUTCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1209-CR-381 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1111-FB-250

**February 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Kenny L. Futch was convicted of two counts of Class B felony dealing in cocaine and received two concurrent, seventeen-year sentences, with two years suspended to probation on each count. On appeal, Futch contends that these sentences are inappropriate in light of the nature of the offenses and his character. We conclude that Futch's sentences are not inappropriate in light of the nature of the offenses and his character. We affirm.

**Facts and Procedural History**

On October 8, 2011, Detective Jamie Masters, an undercover narcotics detective with the Fort Wayne Police Department, was working with a confidential informant to purchase narcotics in controlled transactions. Detective Masters arranged to buy crack cocaine from Futch at his apartment. When Detective Masters and the informant arrived at the apartment, Futch opened the door and invited them inside. They followed Futch to a back room where a couch and folding table were set up. The informant told Futch she wanted a "hundred" – one hundred dollars of crack cocaine. Futch put three bags of crack cocaine on the table in front of Detective Masters and the informant, left the room, and then returned with three more bags, which he also placed on the table. The informant picked up the crack cocaine and handed it to Detective Masters, and they left Futch's apartment. Detective Masters then dropped off the informant and went to the police station, where she sealed the crack cocaine in evidence bags, marked the bags with her initials, and sent them to the Indiana State Police lab for testing.

Two weeks later, Detective Masters and the same informant purchased another "hundred" of crack cocaine from Futch at his apartment. After this transaction, Detective Masters followed the same routine of sealing, marking, and sending the crack cocaine to the lab for testing. Lab tests confirmed that the substances sold to Detective Masters by Futch were indeed crack cocaine. On October 28, 2011, Detective Masters executed a search warrant for Futch's apartment. Cocaine paraphernalia was found inside, and Futch was arrested.

The State charged Futch with two counts of Class B felony dealing in cocaine. A jury found Futch guilty as charged. At sentencing, Futch recounted his criminal history in Michigan, which included a misdemeanor conviction for larceny and four felony convictions for possession of cocaine, carrying a concealed weapon, possession with intent to deal, and dealing in cocaine. PSI p. 4-5. Futch also had his probation revoked twice.[1] *Id.* at 5. Defense counsel told the court that Futch suffered from substance-abuse issues and noted that Futch's most recent felony conviction had occurred many years ago, in 1996. Counsel asked the court to impose the minimum sentence and argued that Futch "would do well in supervision . . . through probation or something of that sort." Tr. p. 14.

The State conceded that Futch's most recent felony conviction occurred in 1996 but explained that Futch had served a fifteen-year executed sentence after being convicted. *Id.* at 14-15. The State argued that Futch's interactions with the legal system had not "decreased [] his ability to commit the same type of offenses" and "prior attempts

---

[1] At sentencing, Futch claimed the presentence investigation report incorrectly stated that his probation had been revoked twice. Futch put forth no evidence that the report was incorrect, however. The court noted Futch's argument: "I know you disagree with that, but that's the information I am told objectively though the presentence investigation report." Tr. p. 17.

at rehabilitation have failed." *Id.* at 15. The State asked the court to impose a fifteen-year sentence.

In summarizing the evidence, the court noted no mitigating factors. As aggravating factors, the court noted Futch's criminal history, specifically the "pattern of the same [or] similar offenses." *Id.* at 17. The court also noted the "absolutely lethal combination" of weapon and drug-related offenses and past failed attempts at rehabilitation. *Id.* at 18. Finally, the court noted that the presentence investigation report had categorized Futch as high-risk to reoffend. *Id.*; PSI p. 7. In light of this evidence, the trial court sentenced Futch to seventeen years, with two years suspended to probation, on each count, to run concurrently, for a total executed sentence of fifteen years.

Futch now appeals.

### Discussion and Decision

On appeal, Futch argues that his sentences are inappropriate in light of the nature of the offenses and his character. We disagree.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the

4

burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). These tools include probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

The sentencing range for a Class B felony is six to twenty years, with ten years being the advisory term. Ind. Code § 35-50-2-5. Here, the trial court sentenced Futch to two concurrent, seventeen-year sentences, with two years suspended to probation on each count. This is within the statutory range, and we note that the trial court ordered that a portion of both sentences be suspended.

5

Regarding the nature of the offenses, Futch sold crack cocaine to an undercover detective and confidential informant on two separate occasions. In these transactions, Futch sold at least two grams of crack cocaine. Although the nature of these offenses is not remarkable, Futch's character does not help his cause.

Futch has a history of criminal activity linked to his substance abuse. He has a misdemeanor conviction for larceny and three of his four felony convictions are related to drug charges; the remaining conviction is for carrying a concealed weapon. In addition, Futch's probation has been revoked twice. Futch's substance-abuse issues began with alcohol and marijuana abuse at age eighteen. By age twenty-six, Futch was smoking marijuana daily, and at that time also started using cocaine. Four years later, Futch was using cocaine four times per week and also abusing prescription medication. As the presentence investigation report states, there is a high risk that Futch will commit another offense. Futch has failed to convince us that his character warrants a reduction in his sentence.

After due consideration of the trial court's decision, including the fact that two years of each sentence was suspended, we cannot say that Futch's concurrent, seventeen-year sentences are inappropriate in light of the nature of the offenses and his character.

Affirmed.

BAILEY, J., and BROWN, J., concur.

6